IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RONALD L. HALSTEAD, | § | |
| Reg. No. 00974-025, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-10-CV-333-DB |
| | § | |
| M. TRAVIS BRAGG, *et al.*, | § | |
| Defendants. | § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Ronald L. Halstead ("Halstead"), a federal prisoner[1] proceeding *pro se* and *in forma pauperis*, seeks redress through a civil rights complaint [ECF No. 3]. Halstead alleges that the defendants—all government employees at the La Tuna Federal Correctional Institution in Anthony, Texas—were deliberately indifferent to his serious medical needs when they denied him adequate care for "severe indigestion" between Tuesday, September 13, 2008, and Saturday, September 17, 2008.[2] Halstead claims that due to the delay in treating a infected gallbladder, the infection spread to other organs, he "passed out . . . and . . . was taken to [an] emergency room," doctors removed his gallbladder, and he remained hospitalized for twenty-one days.[3] Halstead seeks declaratory relief and five million dollars in punitive damages.

---

[1] A jury in the Northern District of West Virginia found Halstead, a trained chiropractor, guilty of both healthcare fraud under 18 U.S.C. § 1347 and conspiracy to launder money instruments under 18 U.S.C. § 1956. The Court sentenced him to 151 months' imprisonment. *See United States v. Halstead*, 1:2001-CR-45-IMK (N.D. W. Va. Aug. 28, 2006), *aff'd in part, vacated in part, and remanded, United States v. Filcheck*, 165 F. App'x 284 (4th Cir. 2006) (per curiam) (unpublished op.), *aff'd, United States v. Halstead*, 261 F. App'x 472 (4th Cir. 2008) (per curiam) (unpublished op.), *denial of post-conviction relief aff'd, United States v. Halstead*, 634 F.3d 270 (4th Cir. 2011), *cert. denied, Halstead v. United States*, -- U.S. --,-- S. Ct. --, 2011 WL 1899159 (2011).

[2] Pl.'s Compl. 2–3.

[3] *Id.* at 3–4.

The Court referred this matter to the United States Magistrate Judge for a report and recommendation.[4] The Magistrate Judge obtained Halstead's medical records[5] and screened[6] his complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1). In his report [ECF No. 59], the Magistrate Judge recommended that the Court dismiss Halstead's complaint for failure to state a claim upon which relief could be granted. He explained that "[t]o demonstrate deliberate indifference, a prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health."[7] He must also show that "the official's response indicate[d] that the official subjectively intended that harm occur."[8] He added that "[c]omplaints of negligence, neglect, or even medical malpractice do not give rise to constitutional claims."[9] He then reasoned that Halstead's well-pleaded factual allegations, even when viewed in the light most favorable to him, failed to state a deliberate indifference claim.

> Plaintiff's allegations regarding his first few visits to health services, complaining of ongoing indigestion, do not suggest that defendants drew an

---

[4] *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2011) ("[A] judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court[ ] . . . of prisoner petitions challenging conditions of confinement.").

[5] *See Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978) (approving a district court's order that prison officials investigate the facts surrounding a civil rights suit by inmates to construct "an administrative record . . . to enable the trial court to . . . make a determination under [28 U.S.C.] section 1915[ ]").

[6] *See* 28 U.S.C.A. § 1915A(a) (West 2011) ("Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.")

[7] Report and Recommendation of the Magistrate Judge 8–9 (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994)).

[8] *Id.* at 9 (citing *Thompson v. Upshur County*, 245 F.3d 447, 458–59 (5th Cir. 2001)).

[9] *Id.* (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)).

inference that he faced a substantial risk of serious harm if further action was not taken. Even assuming that such inference was drawn when defendants agreed with Plaintiff that he may have a problem with his gallbladder, Plaintiff does not present allegations that show that defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly," or "clearly evince[d] a wanton disregard" for Plaintiff's serious medical needs. . . . Instead, Plaintiff's allegations reflect that he was given medication, asked follow-up questions, and referred for and given exams. . . . Even if such action fell short of what was optimal, and even if it was negligent, Plaintiff's allegations fail to evince that such action resulted from deliberate indifference and therefore fails to raise his right to relief above a speculative level.[10]

The Magistrate Judge gave Halstead fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[11] A party who files timely written objections to a magistrate judge's report is entitled to a de novo determination of those portions of the report to which the party objects.[12] As to the other portions of the report, or if a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[13] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[14]

---

[10] *Id.* at 12 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); Pl.'s Mem. in Supp. 2–3 [ECF No. 1–2]).

[11] *Id.* at 14. *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[12] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[13] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[14] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); FED. R. CIV. P. 72(b) ("The

In his objections to the report [ECF No. 61], Halstead complained that his medical records were "not properly before this Court . . . [and] must not be considered" because they were not served on him.[15] In response to this complaint, the Court ordered [ECF No. 64] officials at the La Tuna Federal Correctional Institution to make arrangements for Halstead to review his medical records.[16] The officials complied, and Halstead completed his review on July 26, 2011.[17]

In his objections, Halstead also took exception "to each and every . . . finding[,] conclusion[,] and recommendation."[18] Before a district court will consider an objection to a report, however, the objection must specifically identify the finding or recommendation which the party wishes the district court to consider.[19] Accordingly, the Court will disregard such "conclusive[ ] or general objections."[20]

---

district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[15] Pl.'s First Objections 2.

[16] See 28 U.S.C.A. § 636(b)(1)(C) ("The judge may also receive further evidence."); FED. R. CIV. P. 72(b) ("The district judge may . . . receive further evidence.").

[17] Bureau of Prisons' Advisory to the Court [ECF No. 66].

[18] Pl.'s First Objections 6.

[19] See 28 U.S.C.A. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."); W.D. Tex Local R., App. C, R. 4(b) ("Assignment of Duties to United States Magistrate Judges") ("[W]ritten objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.").

[20] *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

Halstead next asserted that the Magistrate Judge's factual statement that "'[t]here are no records of Plaintiff's visits to health services on September 13, 14, 15, or 16, 2008,'" was somehow conclusory.[21] He argued the report "fails to identify ONLY Plaintiff's Complaint as facts on the record for this period."[22] The Magistrate Judge, however, clearly relied on Halstead's representations in his complaint. The Magistrate Judge explained in his report that "the *pro se* complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed."[23] In this case, however, he determined that Halstead's complaint failed to "present allegations that show that defendants 'refused to treat him, ignored his complaints, intentionally treated him incorrectly.'"[24]

Halstead then noted that "the records the court did receive . . . 'also contain an ECG report dated September 15, 2008, reflecting that Plaintiff's sinus rhythm was abnormal indicating a possible inferior infarction.'"[25] He argued that his primary care physician ignored this and other evidence of his serious medical condition.

> [The Magistrate Judge's report] ignores [the] ECG report . . . reflecting serious health care issues and that [Halstead's primary care physician] knowing . . . of Plaintiff's [medical] Records predating September 2008 reflecting Plaintiff had a history of hypertension, prostate cancer, hyperlipodemia [sic], and sciatic nerve injury . . . nonetheless intentionally sent Plaintiff to the kitchen to ingest baking soda because of some "Mexican Home Remedy" substituted for Medical Science. . . . [T]he uncontested evidence sufficiently supports . . . [a conclusion that] Halstead's assigned

---

[21] Pl.'s First Objections 6 (citing Report and Recommendation of the Magistrate Judge 7).

[22] *Id.*

[23] Report and Recommendation of the Magistrate Judge 7 (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[24] *Id.* at 12.

[25] Pl.'s First Objections 7.

> Primary Care Physician knew of Plaintiff's previous clearly documented serious ongoing medical issues . . . . [and] when coupled with his known September 2008 symptoms and the ECG WARNING of MUCH MORE SERIOUS ISSUES . . . [he] chose to intentionally ignore these, knowing this could cause unnecessary and wanton infliction of pain and suffering, resulting in Halstead's serious injury including coma, near death requiring extended intensive care hospitalization.[26]

In his additional objections to the report [ECF No. 70] filed after he reviewed his medical records, Halstead suggested that the "Magistrate would have this Honorable Court conclude[ ] there is [sic] no alleged sufficient facts to state a claim to relief . . . as there are NO Halstead medical records."[27] As the Court explained above, the Magistrate Judge accepted Halstead's representations as true, but concluded that he failed to state a claim upon which relief could be granted.

Halstead continued with additional details of the medical care he received in mid September, and he expressed his displeasure with the treatment prescribed by his physician.

> On September 15, 2008, when Plaintiff Halstead was leaving [the] La Tuna Health Care Services (following his THIRD consultation . . . ), Physician Assistant (PA) Sanchez summoned Halstead's Primary Care Physician Navaro advising him that Plaintiff has a serious non-digestive abdominal problem requiring his immediate attention. Following just a few general questions of Plaintiff, and a cursory exam, looking into his ears, throat, nose and eyes, Navaro instructed Halstead to come back [the following day] for an exam.
> On 9/16/2008, per Navaro's instructions, Halstead returned to be examined. Navaro's 45 minute exam includes, but is not limited to, a full and complete history, including Navaro acknowledging Halstead had recently been subjected to 40 chemotherapy treatments . . . for prostate cancer. Obviously resulting in severe detriment to Halstead's immune system and endangering his . . . ability to fight off infections. Additionally, Plaintiff advised Navaro he had been passing blood in his vomit and bowel movements; since 9/9/2008 Plaintiff's abdominal pain was steadily increasing

---

[26] *Id.* at 7–9

[27] Pl.'s Additional Objections 2.

in duration and intensity. Further, that ingesting antacids for three days ... had absolutely NO EFFECT. Immediately following this exchange, Navaro took blood pressure readings, examined Plaintiff's ears, nose, throat, and eyes (twice), explaining, "Do you . . . realize your eyes are jaundiced and I remember they were not this way yesterday?" . . . "Your liver is seriously swollen. . . . Your stomach is taught . . . You have a seriously infected gallbladder." . . . [H]e . . . then instructed, "I'm calling the kitchen. I want you to go over there and have the kitchen officer give you some baking soda (bicarbonate). Place 3 table spoons in a glass of water and drink it down – three times a day!" "This is what is prescribed to treat seriously infected gallbladders in Mexico!" . . . Navaro was not negligent nor grossly negligent in prescribing baking soda, it is clear he was . . . deliberately indifferent beyond a speculative level. Plaintiff therefore states a claim against Navaro upon which relief can be granted.[28]

Deliberate indifference to a prisoner's serious medical needs constitutes an actionable Eighth Amendment claim.[29] However, "[d]eliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind."[30] Thus, a plaintiff must show that the defendant had a "sufficiently culpable state of mind."[31] Negligent or even erroneous medical treatment or judgment does not provide the basis for a constitutional claim.[32]

Halstead has not alleged that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that demonstrated wanton disregard for a serious medical need.[33] Halstead has not shown that the defendants denied him

---

[28] *Id.* at 4–6.

[29] *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976).

[30] *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[31] *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

[32] *Graves v. Hampton*, 1 F.3d 315, 219 (5th Cir. 1993).

[33] *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001) (citing *Johnson*, 759 F.2d at 1238).

medical care or that their actions constituted deliberate indifference to his serious medical needs.[34] After reviewing the complaint, report and objections, the Court finds that Halstead's allegations amount, at most, to negligence.[35] Allegations of malpractice or negligence alone are never sufficient to state a claim for constitutionally inadequate medical care.[36] Thus, Halstead has not shown that the Magistrate Judge erred in recommending that the Court dismiss his claim that the defendants were deliberately indifferent to his serious medical needs.[37]

Accordingly, after a de novo review of the record, the Court finds that Halstead's objections are without merit. The Court further finds that the Magistrate Judge's proposed findings of fact and conclusions of law are correct, and that it should adopt his recommendations. The Court, therefore, enters the following orders:

1. The Court **OVERRULES** Plaintiff Ronald L. Halstead's objections to the Magistrate Judge's report [ECF Nos. 61 and 70].

2. The Court **APPROVES** and **ADOPTS** the report and recommendation of the Magistrate Judge [ECF No. 59].

3. The Court **DISMISSES WITH PREJUDICE** Plaintiff Ronald L. Halstead's civil rights complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

---

[34] *Wilson*, 501 U.S. at 303.

[35] *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) ("Unsuccessful medical treatment does not give rise to a § 1983 cause of action. . . . Even if Varnado's allegations are true and correct, then, at worst, . . . such allegations do not amount to deliberate indifference to his serious medical needs.").

[36] *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir.1999).

[37] *Wilson*, 501 U.S. at 303.

4. The Court additionally **DENIES** all other pending motions in this cause, if any, as moot.

5. The Court **ADVISES** Plaintiff Ronald L. Halstead that this dismissal counts as a "**STRIKE**" pursuant to 28 U.S.C. § 1915.[38] The Clerk will therefore provide a copy of this Order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention: Three Strikes Manager, 211 West Ferguson, Tyler, Texas 75702. *Should Halstead accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[39]

**SO ORDERED.**

**SIGNED** this 26th day of August 2011.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[38] *See* 28 U.S.C. § 1915(g) (2011) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

[39] *See id.*